IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                  )    Criminal No. 10-205<br>)<br>MICHAEL TROVER                  ) | |

O P I N I O N

DIAMOND, D.J.

On October 19, 2010, a grand jury returned a three-count indictment against Michael Trover ("defendant") charging him at each count with making a false declaration before a grand jury, in violation of 18 U.S.C. §1623(a). On December 13, 2010, defendant filed the following pretrial motions: (1) motion to dismiss indictment (Document No. 10); (2) motion for discovery and inspection (Document No. 12); (3) motion to preserve agents' rough notes (Document No. 14); and (4) request for notice of government's intention to use evidence of other crimes, wrongs or acts (Document No. 16). On January 5, 2011, the government filed an omnibus response to defendant's pretrial motions (Document No. 20). For the reasons stated herein, defendant's motions will be granted in part and denied in part.

Motion to Dismiss Indictment (Document No. 10)

Defendant has filed a motion to dismiss the indictment in this case, arguing that the indictment does not specify the factual basis of defendant's alleged false testimony, nor does it specify the materiality of defendant's statement.[1] Defendant further contends the indictment should be dismissed because the Assistant United States Attorney's questions posed to defendant before the grand jury were imprecise, ambiguous and capable of several different interpretations. The government responds that the indictment should not be dismissed because it complies with the heightened pleading standard required by the Third Circuit Court of Appeals for perjury indictments, and the questions posed to defendant were sufficiently specific.

The Federal Rules of Criminal Procedure require that an

---

[1]Defendant previously was charged with one count of making a false declaration before a grand jury in an indictment that was returned on November 18, 2009, at Criminal No. 09-312 (the "First Indictment"). Defendant moved to dismiss the First Indictment for the same reasons he has asserted in his pending motion to dismiss. After oral argument on defendant's motion to dismiss the First Indictment, this court entered a Memorandum Order on June 16, 2010, dismissing the First Indictment for the reasons stated on the record of the oral argument based on the Third Circuit Court of Appeals' decision in United States v. Slawick, 548 F.2d 75 (3d Cir. 1977). See Docket in United States of America v. Michael Trover, Criminal No. 09-312 (Document No. 26). Unlike the First Indictment against defendant, the court finds that the indictment in the instant case complies with the more strict standard for perjury indictments established by the Third Circuit, as will be explained herein.

2

indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. Fed.R.Crim.P. 7(c)(1). An indictment is sufficient if it includes the elements of the offense charged, apprises the defendant of what he must be prepared to defend against at trial, and enables him to plead an acquittal or conviction as a bar to subsequent prosecutions for the same offense. United States v. Rawlins, 606 F.3d 73, 78-79 (3d Cir. 2010); United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007).

The statute under which defendant was charged provides, in relevant part, that "[w]hoever under oath ... in any proceeding before ... any court or grand jury of the United States knowingly makes any false material declaration" is guilty of perjury. 18 U.S.C. § 1623(a). To prove that a person has committed perjury before a grand jury, the government must prove that: (1) the defendant testified before a grand jury under oath; (2) the defendant knowingly made a false statement; and (3) the false statement was material to the grand jury's investigation. United States v. Dobson, 2010 WL 1980996, at *6 (3d Cir. May 19, 2010), citing, United States v. Friedhaber, 856 F.2d 640, 642 (4th Cir. 1988) (en banc).

In addition, the Third Circuit Court of Appeals has imposed a more strict pleading standard in perjury cases by requiring that indictments alleging a violation of 18 U.S.C. §1623 must "set

3

forth the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to determine its verity and to allow meaningful judicial review of the materiality of those falsehoods." United States v. Slawik, 548 F.2d 75, 83 (3d Cir. 1977). See also United States v. Tonelli, 577 F.2d 194, 195 (3d Cir. 1978) (holding that a false declarations indictment "must set out the allegedly perjurious statements and the objective truth in stark contrast so that the claim of falsity is clear to all who read the charge").

Here, defendant first argues that the indictment is insufficient under the Slawick standard because it "does not specify in what particular [defendant's] replies were false but rather only restates, in conclusory form, that the statements were false." See defendant's Memorandum of Law in Support of Motion to Dismiss Indictment (Document No. 11), at 6. In addition, defendant complains that the indictment merely states in conclusory fashion that defendant's statements were material. Id. A review of the indictment shows that defendant's arguments lack merit.

The indictment charges defendant with three counts of making a false declaration before a grand jury stemming from grand jury testimony given on or about April 30, 2008. The introductory paragraphs of the indictment allege that the grand jury was investigating the activities of Robert Ratkovich, who was the

4

Maintenance Director for the Lawrence County Housing Authority, as well as a consultant for Affordable Housing of Lawrence County and Shenango Township. See Indictment (Document No. 1), ¶¶1-2. As further alleged in the indictment, the investigation of Robert Ratkovich focused on whether he had, in any of those capacities, received payments from contractors in exchange for awarding them work or otherwise had manipulated the bidding system. Id., ¶3. According to the indictment, defendant is a contractor who did work for the Lawrence County Housing Authority, Shenango Township and Affordable Housing of Lawrence County, and he was called to testify before the grand jury about whether he had made any payments to Robert Ratkovich in connection with that work. Id., ¶4.

After incorporating the introductory paragraphs, each count of the indictment alleges that on or about April 30, 2008, defendant, while under oath and testifying in a proceeding before a grand jury of the United States, knowingly made a false material declaration in response to questions that are quoted in the indictment. See Indictment, ¶¶7, 11, 15. Count One pertains to contracting work defendant performed for Shenango Township, Count Two relates to work he performed for the Lawrence County Housing Authority and Count Three concerns his work for Affordable Housing of Lawrence County. Each count of the indictment quotes defendant's grand jury testimony in which he explained how he was

5

awarded the contracts to perform the work and described the type of work he performed for each entity. Id.

Defendant's grand jury testimony quoted in Count One concludes with the following exchange between the prosecutor and defendant:

> Q. Now, in order to get these - - get this work, the Shenango Township work, did you pay Mr. Ratkovich or anyone else?
>
> A. I did not.

Similarly, defendant's grand jury testimony quoted in Count Two concludes with the following exchange:

> Q. And, you know, for any of this work that you did for Lawrence County, the housing authority, again, did you have to pay Mr. Ratkovich after you got paid or at any point because he awarded you the contract?
>
> A. I did not.

Likewise, defendant's grand jury testimony quoted in Count Three concludes as follows:

> Q. And, again did you have to pay Mr. Ratkovich or anyone else to get that work?
>
> A. I did not.

Following defendant's grand jury testimony quoted in each count, which concludes in each instance with his denial that he paid Ratkovich, the indictment alleges that defendant's declaration was false because as he then well knew, he had to pay Ratkovich to get the Shenango Township work (Count One), the Lawrence County Housing Authority work (Count Two), and the

6

Affordable Housing of Lawrence County work (Count Three). See Indictment, ¶¶8, 12, 16. In each count, the indictment also alleges that defendant's false declaration referred to was material because it had a tendency to impede an investigation into whether Ratkovich was receiving money from contractors to influence the selection of contractors. Id., ¶¶9, 13, 17.

Each count of the indictment sufficiently sets forth the elements of a violation of 18 U.S.C. §1623(a) by alleging that defendant testified before a grand jury under oath, that he knowingly made a false statement, and that the false statement was material to the grand jury's investigation. See Dobson, 2010 WL 1980996, at *6.

In addition, as required by Slawick, each count also identifies the "precise falsehood alleged", which is defendant's statement denying that he paid Ratkovich to get awarded a particular contract. As also required by Slawick, each count of the indictment sets forth "the factual basis of [the] falsity with sufficient clarity to permit a jury to determine its verity and to allow meaningful judicial review of the materiality of those falsehoods." In each count, it is alleged that despite defendant's statement denying that he paid Ratkovich to get awarded the contract, his statement was false because, as defendant then well knew, he had paid Ratkovich. Such an allegation is sufficient to satisfy Slawick's requirement that a

7

perjury indictment must set forth the factual basis of defendant's alleged false testimony before the grand jury. See, e.g., United States v. Reilly, 33 F.3d 1396, 1416-17 (3d Cir. 1994) (holding the government met requirement that falsity of statements in question be alleged in charging document where indictment stated that the defendant knew incinerator ash was being dumped into the ocean, at the time when he told the grand jury he had no idea what happened to the ash). Finally, the indictment sufficiently alleges in each count that defendant's false testimony was material because it tended to impede an investigation into whether Robert Ratkovich was receiving money from contractors to influence the selection of contractors. For these reasons, the indictment in this case satisfies the strict pleading standard for perjury indictments established by Slawick, and defendant's motion to dismiss on that basis is without merit.

Defendant's next argument, that the indictment should be dismissed because the questions posed by the Assistant United States Attorney to defendant before the grand jury were imprecise, ambiguous and capable of several different interpretations, likewise lacks merit.

Although a district court may dismiss a perjury indictment when the prosecutor's questions are fatally ambiguous, see United States v. Serafini, 167 F.3d 812, 820 (3d Cir. 1999), dismissal is not warranted in this case. "[T]he existence of 'some ambiguity'

8

in a falsely answered question is generally not inconsistent with a conviction for perjury." United States v. Fernandez, 2010 WL 2842854, at *2 (3d Cir. July 21, 2010), quoting, United States v. Camper, 384 F.3d 1073, 1076 (9th Cir. 2004). In a case involving less than fundamental ambiguity, "it is for the petit jury to decide which construction the defendant placed on the question." Serafini, 167 F.3d at 820 (citation omitted).

It is clear from the context of the questions quoted in the indictment that defendant understood what the prosecutor was asking him. Defendant did not indicate that he was confused by any of the questions to which he allegedly responded falsely. Significantly, defendant unequivocally denied that he paid Robert Ratkovich in order to be awarded contracts to perform work for Shenango Township, the Lawrence County Housing Authority and Affordable Housing of Lawrence County. See United States v. Long, 534 F.2d 1097, 1100 (3d Cir. 1976) (finding that a defendant's unequivocal denials and failure to manifest uncertainty or confusion indicates that he understood the questions posed by the prosecutor in grand jury proceeding). As the Third Circuit observed in Fernandez, "[t]he fact that the questions could have been more specific is not evidence of a fundamental ambiguity; thus, any argument that [defendant] did not understand the questions to which he was responding [is] one for the jury." Fernandez, 2010 WL 2842854, at *3. For this reason, as well as

AO 72
(Rev. 8/82)

the fact that the indictment satisfies the Slawick standard, defendant's motion to dismiss the indictment will be denied.

Motion for Discovery and Inspection (Document No. 12)

Defendant has filed a motion for discovery and inspection seeking 24 categories of information, including inter alia requests for exculpatory and impeachment material.

Generally, governmental disclosure of evidence in criminal cases is governed by Fed.R.Crim.P. 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "Brady doctrine."[2] Id.

In response to defendant's discovery motion, the government has acknowledged its obligations under Rule 16(a) and the Brady doctrine and indicates that it already has turned over all Rule 16 material.[3] Accordingly, defendant's discovery motion will be

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] According to the government's response, defendant was provided at the time of his arraignment with his grand jury testimony, his statements to law enforcement and the recording in which he admitted lying to the grand jury. Government (...continued)

10

granted in part, and the government will be ordered to turn over all information falling within the purview of Rule 16(a) and the Brady doctrine to the extent that any such information exists and has not already been provided to defendant. To the extent defendant's discovery motion requests information that does not fall within the scope of Rule 16(a), Brady or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, should the government discover the existence of any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith. As to impeachment material, the Third Circuit Court of Appeals encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6). Given the nature of this case, disclosure of Brady impeachment material no later than ten days

---

counsel stated he informed defense counsel that other documentary discovery is available through the case agents, but as of the date of the government's response, defense counsel had not made arrangements to review that discovery.

11

prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

Motion to Preserve Agents' Rough Notes (Document No. 14)

Defendant has filed a motion to require the government to preserve all rough notes and reports of its investigating agents. In United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), the Third Circuit held that rough interview notes should be preserved so that the court can determine whether they should be made available to the defendant under Brady or the Jencks Act. See also United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). The government has indicated that the case agents have been instructed to preserve all rough notes of witness interviews, and they have done so. Accordingly, the court will grant defendant's motion to require retention of rough notes and order the government to preserve any such information. To the extent any of that information constitutes Brady or Jencks material, the government shall disclose such information to defendant in accordance with the discovery disclosure deadlines set forth herein and the order accompanying this opinion.

Request for Notice of Government's Intention to Use Evidence of Other Crimes, Wrongs or Acts (Document No. 16)

Defendant has filed a request for the government to provide

12

notice of its intent to use evidence at trial of other crimes, wrongs or acts pursuant to Federal Rule of Evidence 404(b).

Rule 404(b) requires the government to provide reasonable notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purposes enumerated in the rule. It provides "that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In response to defendant's request, the government indicates that it intends to seek admission of evidence that defendant paid kickbacks to Robert Ratkovich, but the government views that as substantive evidence. At this point, the government does not believe that it will be seeking admission of any evidence under

13

Rule 404(b). Should the government's position change, however, the court will grant defendant's motion to the extent he seeks advance notice of Rule 404(b) evidence and will enter an order directing the government to provide the required Rule 404(b) notice ten days before trial.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: February 28, 2011

cc: Brendan T. Conway
　　Assistant U.S. Attorney

　　Alexander H. Lindsay, Jr., Esq.
　　Lindsay, Jackson & Martin
　　110 East Diamond Street
　　Suite 301
　　Butler, PA 16001

14